Rukfin, J.
 

 The demurrer rests on the position that Ram-sour could not maintain an action against Barrett on their original relation of principal and surety, until damnified by the payment of the debt, and, by consequence, that he could not have an action against the parties on the bond given to him as a counter-security. The first part of the proposition is true in reference to an action at law; but it is not true with respect to relief in this Court. It is the established doctrine in equity, that a party, after the debt has become due, may, upon the principle of
 
 quia timet,
 
 file his bill against the principal and the creditor, to compel the former to make, and the latter to accept payment; because those parties have no right, against his will, to keep him bound for a longer time than agreed for, so as to enlarge his risk of loss. Now, as between Ramsour and Barrett, that is substantially the nature of this bill; and it can make no difference that a co-surety, Mosteller, and the creditor, Ferrer, are also, plaintiffs; for, as regards the latter, it is only signifying his readiness to accept payment without compulsion, at the suit of the surety, and, as regards the former, asserting his interest in the question,
 
 *457
 
 and sanctioning the discharge of the debt to his own exoneration also. In that point of view, the insolvency of the two sureties makes no difference. It might, perhaps, in the case of a certified bankrupt, because the creditor could prove his debt under the commission, and the surety and his property are wholly discharged; but that does not apply to an insolvent in our law, that is, one merely unable to pay his debts, and not discharged upon his oath, because his person is still liable. Moreover, if so discharged, his subsequent acquisitions may be taken for the debt, and that is a danger from which he is entitled to protection. If the money ..were to go into the hands of the insolvent, it would he an insurmountable objection to a recovery at Law, or in Equity, as there is no security that he would apply it properly; and, unless he did, the principal would still be liable to the creditor. But, the object of all such suits is that the payment shall be made to the creditor in satisfaction of the debt, and in exoneration of all the parties. If the bill, then, be taken as that of Eamsour, it will lie against Barrett, and, likewise, as the Court thinks, against the other parties to the bond, intended as a counter-security'. Supposing that he could maintain an action at law, by reason of that part of the condition which obliges Barrett to pay every debt for which Eamsour was surety, yet, for the reasons already mentioned, his insolvency would raise very serious obstacles in respect to the amount of the recovery. At all events, the relief here is more beneficial to all parties, as the money goes directly to the proper hand, and immediately discharges every person previously bound for it. That is the real nature, in the view of this Court, of the agreement for counter security. It is that Eamsour should be entirely exonerated from all liabilities to the extent of the penalty of the obligation, and, in that sense, he has a right to call for its execution here, provided, that in executing it, the defendants be exonerated from the debts, as well as he.
 

 But the bill may likewise be looked on as the bill of the creditor and co-surety, Eerrer and Mosteller; for they have well recognised equities to participate in the benefit of any-
 
 *458
 
 security for the debt, provided by the principal, though it be in the form of a counter security for one surety alone. If the principal had created a mortgage of the property, there could be no doubt of it, and no distinction is seen between that and a counter-security-bond to the surety. He is bound to communicate the benefit of it to all the other parties, and, if he will not, those parties may compel him and the other debtor to do so by their bill against them upon the common principle of subrogation; of which, an example, much stronger than this, is to be found in a recent decision of this Court:
 
 Brinson
 
 v. Thomas, 2 Jones’ Eq. 414. That case is in point, both as to the doctrine of a substitution of a counter-security, and, as to the parties.
 

 It is objected, however, that the bill is but for a single debt, which may expose the defendants to the expense and vexation of many suits, when one would do. It would, doubtless, have been most proper for Ramsour to have filed a bill against the defendants and all the creditors and his co-sureties, so as to settle the whole matter in one suit. But at present, the question does not arise, because it is not seen upon the pleadings that there is any unsatisfied debt but that which is the subject of this suit. Therefore, the Court refrains, and ought to refrain, from giving any opinion upon the point suggested, until the facts be properly put on the record by plea and answer. The demurrer is overruled with costs, and the usual certificate Will be sent to the Court of Equity.
 

 Per Curiam, Decree accordingly.